**FILED**
**Feb 28, 2019**
**01:22 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| LISA DARNELL,<br>　　　　Employee,<br>v.<br>STAR VENDING, INC.,<br>　　　　Employer,<br>and<br>BRIDGEFIELD CASUALTY<br>INSURANCE COMPANY,<br>　　　　Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No. 2018-03-1124<br><br>State File No. 54943-2018<br><br>Judge Pamela B. Johnson |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This matter came before the Court for an Expedited Hearing on February 5, 2019. The central issues are whether Lisa Darnell demonstrated she is likely to prevail at a hearing on the merits that her low back pain arose primarily out of and in the course and scope of her employment with Star Vending, Inc., and, if so, whether she is entitled to additional medical and temporary disability benefits. For the reasons below, the Court holds Ms. Darnell did not meet her burden of proof and denies her claim at this time.

### History of Claim

Ms. Darnell fell on a wet floor while working as a cook for Star Vending on July 22, 2018. Star Vending accepted the claim and authorized treatment for her left knee and left hip but denied treatment for her low back. Ms. Darnell claimed low back pain since the fall at work, but the authorized treating providers focused only on her left knee and hip. Star Vending also stopped paying temporary partial disability benefits after she refused an offer of transition-to-work employment.

After Ms. Darnell reported the incident, Star Vending prepared an injury report listing injuries to her "elbow and knee." It also sent her to Parkwest Urgent Care for

1

evaluation and treatment.[1]

Star Vending later provided a panel of physicians, and she selected Dr. Samuel Yoakum as her authorized treating physician. However, instead of Dr. Yoakum, Star Vending scheduled an appointment for her with Dr. Ryan Dabbs.[2]

During her initial visit with Dr. Dabbs, Ms. Darnell reported catching and locking in her left knee when she tried to walk and pain with weight-bearing after the fall. Dr. Dabbs reviewed an MRI and diagnosed a medial tibial plateau bone contusion and soft-tissue contusion of the left knee due to the fall at work. He placed her on light duty and prescribed a knee brace.

Ms. Darnell testified that, at her first visit, she informed Dr. Dabbs of her low back and hip pain but told that she had to pick the injury to be treated that day. She also testified that Star Vending offered to return her to work through a transition-to-work program at a Knoxville Area Rescue Ministries (KARM) store in Knoxville.

She reported for work at KARM on August 15 and understood that she would be assigned to monitor the dressing room and assist customers. When she arrived, she was instead assigned to sort donations from a seated position with her leg propped up and to remove items from boxes on the floor. When she voiced concerns that the assignment exceeded her restrictions, she was sent home. Star Vending paid her two weeks of temporary disability benefits for August 15 through 29.

During this time, Ms. Darnell continued to treat with Dr. Dabbs and on August 20 reported worsening knee pain with full weight-bearing and light-duty activities. Dr. Dabbs restricted her to sitting only with her left leg and foot elevated and recommended "toe-touch" walking with crutches.

Star Vending offered to transition Ms. Darnell, a Knoxville resident, back to work within her restrictions at a KARM store in Sevierville. She testified she did not report to work at the Sevierville KARM store because she did not have transportation and the distance was too far. When she failed to report to work, Star Vending did not offer any further opportunities and stopped her temporary disability benefits.

However, Star Vending continued to provide treatment with Dr. Dabbs. Ms. Darnell continued to complain of left knee pain on September 10, so he referred her to physical therapy. He continued her use of crutches but lifted her restrictions to sitting

---

[1] The parties did not introduce the Parkwest medical records relating to Ms. Darnell's treatment at Parkwest.

[2] Neither party explained why Star Vending scheduled her treatment with Dr. Dabbs instead of Dr. Yoakum.

2

alternating with standing and no lifting with her legs.

On October 1, in addition to her left knee pain, Ms. Darnell reported left hip pain. Dr. Dabbs diagnosed left hip abductor tendonitis and bursitis, prescribed a steroid to reduce her inflammation, and recommended additional physical therapy. He continued her alternating sit/stand restriction with "sitting job mainly."

A few days later, Ms. Darnell started working for TSI, a temporary employment agency, and assigned to Reilly Foods as a tea packer. She testified she continues to work for TSI and works at least thirty-two hours per week earning $10 per hour. She testified her job requires her to stand and pack tea boxes at waist level.

After going to work for TSI, Ms. Darnell returned to Dr. Dabbs on November 13 and reported low back pain since her injury, which worsened as her left knee pain improved. He recommended that she see a spine specialist for her low back complaints but continued her anti-inflammatory medications. He further recommended stretching exercises and assigned lifting restrictions.

In response to the referral, Star Vending questioned Dr. Dabbs regarding the causal relationship of Ms. Darnell's low back pain to the work incident. It provided Dr. Dabbs with a peer-review report by Dr. Robert C. Greenberg, who reviewed Ms. Darnell's records and determined that her low back pain was "less than 50% or more related to the work injury of 07/22/18." It then asked Dr. Dabbs whether his referral was more than 50% related to her work injury. He checked the option that stated, "The referral is 50% or more related to causes other than her alleged July 22, 2018 injury."

Ms. Darnell returned to Dr. Dabbs on February 1, 2019, where he noted diagnoses of left knee contusion, left low back pain, and left hip pain. He purportedly placed Ms. Darnell at maximum medical improvement and assigned limited-duty restrictions.[3]

### Findings of Fact and Conclusions of Law

At an Expedited Hearing, Ms. Darnell must present sufficient evidence demonstrating that she is likely to prevail at a hearing on the merits. *See McCord v. Advantage Human Res.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

*Medical Benefits*

The Workers' Compensation Law requires an employer to provide an injured employee with medical treatment made reasonably necessary by the work injury. *See*

---

[3] The parties introduced only the Worklink Physician's Report and not Dr. Dabbs' report from the February 1, 2019 visit.

Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2018). An injury causes the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent in causing the need for medical treatment, considering all causes. "Shown to a reasonable degree of medical certainty" means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility. Moreover, the opinion of the treating physician, selected from a panel of physicians, shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-102(14)(C)-(E).

Here, the Court finds the medical records do not support Ms. Darnell's allegation that she reported low back pain at her initial visit. The Court further finds the medical records do not substantiate her allegation that Dr. Dabbs told her at her first visit that she had to pick the injury to be treated. Instead, the records noted she complained only of knee pain following the fall. Later, she developed hip pain, which Dr. Dabbs noted and treated. Then, almost four months after the injury, the records reflect for the first time her low back pain complaints. Of importance, the Court notes that she reported low back pain after she went to work elsewhere in a standing position outside her restrictions.

When asked whether the low back pain was related to the fall, Dr. Dabbs, the authorized treating physician, determined that Ms. Darnell's back complaints were fifty-percent or more likely caused by conditions other than the work injury. He agreed with Dr. Greenburg.

The Court does not give Dr. Dabbs' opinion a presumption of correctness because Ms. Darnell did not select him from a panel. However, she failed to offer any other medical opinion to counter Drs. Dabbs' and Greenburg's opinions that her low back complaints were not likely caused by the work injury. *See Berdnik v. Fairfield Glade Comm. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *16 (May 18, 2017) (A court cannot award benefits where undisputed medical evidence states that an injury did not arise primarily out of the employment).

Therefore, the Court holds that Ms. Darnell failed to come forward with sufficient evidence demonstrating she is likely to prevail at a hearing on the merits that her low backs complaints arose primarily out of and in the course and scope of her employment.

### *Temporary Partial Disability Benefits*

Under the Workers' Compensation Law, an injured employee is entitled to temporary partial disability (TPD) benefits if restricted from working due to a work injury. *See* Tenn. Code Ann. § 50-6-207(2)(A).

In *Lasser v. Waste Mgmt., Inc.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 20, at *7-8

4

(May 24, 2018), the Workers' Compensation Appeals Board noted, "The statute does not specify the type or location of work or the manner in which the partially disabled worker can earn wages." The Appeals Board further held, "Whether an employee is entitled to temporary partial disability in the face of an offer of modified duty work depends on the reasonableness of the employer in attempting to return the employee to work and the reasonableness of the employee in failing to either return to work or remain at work." *Id.* at *21.

Here, Ms. Darnell refused Star Vending's offer of transitional return-to-work at the Sevierville KARM store because she did not have transportation and the assignment was too far away. However, she did not testify that the distance was too great due to her work injury but rather personal transportation difficulties. The Court finds Star Vending's offer to return to work reasonable. Ms. Darnell's refusal of this offer related to transportation issues rather than her restrictions. The Court holds her refusal to accept this position unreasonable. Therefore, she failed to present sufficient evidence demonstrating she is likely to prevail at a hearing on the merits that she is entitled to additional TPD benefits.

**IT IS, THEREFORE, ORDERED** that Ms. Darnell's claim for the requested benefits is denied at this time.

This matter is set for a Status Conference on June 3, 2019, at 1:30 p.m. Eastern Time. The parties must call 855-543-5041 to participate in the hearing. Failure to appear by telephone may result in a determination of the issues without the party's participation.

**ENTERED February 28, 2019.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Motions – Motion to Dismiss
5. Notice of Expedited Hearing
6. Employer's Notice of Filing – Medical Questionnaire – Dr. Ryan Dabbs
7. Motions – Employer's Withdrawal of Motion to Dismiss

8. Employer's Notice of Filing - Medical Records – Dr. Ryan Dabbs/ TOC
9. Employer's Prehearing Brief
10. Employer's Notice of Filing – Witness List
11. Employer's Notice of Filing – Medical Records

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:
1. Affidavit - Lisa Darnell
2. First Report of Work Injury
3. Table of Contents of Medical Records
   - Dr. Ryan Dabbs, Tennessee Orthopedic Clinic
   - Medical Questionnaire Response of Dr. Ryan Dabbs
   - Peer Review Report by Dr. Robert C. Greenberg
4. Panel of Physicians
5. TOC Worklink Report, February 1, 2018

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on February 28, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Lisa Darnell, Self-Represented Employee | X | | | 4225 Skyline Drive Knoxville, TN 37914 |
| Meredith B. Weaver, Employer's Attorney | | | X | meredith.weaver@petersonwhite.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

6